## Superior Pet Products, Inc. v. The City of DuBois

*David M. Newhart*, for plaintiff.

*Scott Jones, Harry Zimmer* and *Albert L. Nelson*, for defendant.

*Joseph J. Lee*, for additional defendant.

REILLY, *P.J.*, January 31, 1983—Plaintiff's complaint in trespass alleges that on July 17, 1980, plaintiff stored its manufactured products in a building owned by Goodwill Industries located in the City of DuBois, Clearfield County, Pa. On that date during and/or following a heavy rain, Pentz Run, located in the City of DuBois, overran its banks and entered the building where plaintiff's goods were stored, causing damage. The City of DuBois has filed preliminary objections to the complaint complaining that insufficient notice was given, demurring to the count against the City of DuBois generally, and in the alternative moving for a more specific pleading.

Plaintiff demurs asking that the complaint be stricken for failure to state a cause of action against the City of DuBois. Plaintiff claims that the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541 et seq. holds defendant city immune from tort liability in this case claiming that the city is not responsible for the maintenance of a natural stream flowing within its boundaries and further that under subsection (b) of sec. 8542 of the act the allegation of negligence on behalf of the city cannot be found in any of the enumerated sections.

This court agrees and grants defendant DuBois' demurrer. In reaching its conclusion, this court is persuaded by the Montgomery County decision of Richard Medicus, t/a Karrosseris Coach Work v.

Upper Merion Township, filed to no. 79-18932 in Montgomery County. While this court is not bound by the decisions of a sister jurisdiction, the above opinion states the law in this area quite well. In discussing the applicability and effect of Section 8542(b)(5) the court stated:

"Whether or not that subsection creates an exception to the general grant of municipal immunity hinges first on whether the storm drain is a sewer or water system. This Court ruled that as a matter of law the storm drain was not a sewer or water system. The Act does not utilize the term storm drain. The complaint seeks damages for improper construction and maintenance of storm drains and culverts. The question of whether or not these constitute a sewer was answered in the negative by the Supreme Court in Borough of Wilkinsburg v. School District of Borough of Wilkinsburg, 298 Pa. 193, 148 A. 77 (1929). Later the Superior Court found: " . . . The term 'sewer' cannot be construed to mean the same as drainage." Cheltenham & Abington Sewerage Co. v. Public Service Commission, 162 A. 469 (Pa. Super. 1939). For that reason, Section 202(b)(5) of the Political Subdivision Tort Claims Act does not create an exception to the general rule of municipal immunity."

And further with respect to sec. 8542(b)(3) the Montgomery County Court stated:

"The parties agreed the only other exception to the general grant of immunity given to municipalities could be Section 202(b)(3) of the Act. That section, already quoted, allows liability in cases involving the care, custody or control of real property in the possession of the political subdivision, with the exception of trees, streets, sidewalks, traffic signs, lights and other traffic controls, street lights

and street lighting systems and facilities of steam, sewer, water, gas and electric systems owned by the political subdivision and located within rights of way. The type of injury covered by this Section has been described in the Legislative History as "The Garden Variety Tort Cases," Legislative Journal—House, November 15, 1978, pg. 3856. Counsel for the municipality argued that this section was intended to apply to traditional "premises" types of injury. This Court concluded that the type of injury complained of herein does not fall into the category of injury resulting from the "care, custody or control of real property in the possession of the political subdivison" as contemplated by the Act. There is no question that the Act provides for liability where injury occurs on the real property possessed by the municipality, however, in this case the injury complained of occurred outside of the storm drainage system. Further, there is a real question as to whether or not the township 'possessed' the storm drainage system. For these reasons, the Act does not provide an exception to the general grant of immunity."

This court is also of the opinion that the complaint against the City of DuBois in the instant case does not state a cause of action that would remove the city from the protection provided it by the doctrine of sovereign immunity. In view of this it will not be necessary to discuss defendant's two remaining objections.

Wherefore, the court enters the following

### ORDER

Now, January 31, 1983, it is the order of this court that preliminary objections in the nature of a demurrer filed on behalf of the City of DuBois, defendant above named, be and are hereby sustained.